UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14149-CIV-MARTINEZ/MAYNARD

SHAWN RHEAL,

    Plaintiff,

v.

CINDY BARNES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters. DE 6. Plaintiff Shawn Rheal, *pro se*, filed a Complaint on March 30, 2021, alleging Defendant Cindy Barnes' noncompliance, and Defendant St. Lucie County's complicity in facilitating her noncompliance, with state court orders for reunification with his daughter. DE 1. Plaintiff seeks, among other things, money damages and a temporary order for visitation. *Id.* On April 4, 2021, United States District Judge Jose E. Martinez issued an Order directing that, by May 7, 2021, Plaintiff must either: (1) pay the Clerk's filing fee, or (2) file a motion to proceed *in forma pauperis*. DE 4. On May 7, 2021, Plaintiff paid the filing fee. DE 5. Following this, Plaintiff failed to serve process.

On September 29, 2022, I issued an Order to Show Cause directing Plaintiff to perfect service, on or before October 17, 2022, or show good cause why I should not recommend to the District Judge that Plaintiff's claims against the Defendants be dismissed for failure to perfect service of process. DE 7. Plaintiff filed a motion, on October 14, 2022, requesting a 30-day extension of time to file proof of service ("Motion for Extension"). DE 8. On October 20, 2022, I granted Plaintiff's Motion for Extension and directed Plaintiff to file proof of service on or before

November 17, 2022 or show good cause why this action should not be recommended for dismissal without prejudice. DE 9. Plaintiff has taken no further action of record in this case, including to demonstrate service of process.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). After giving notice to the plaintiff, a court on its own initiative may dismiss without prejudice the claims against a non-served defendant or may extend the time for service. *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) (citing Fed. R. Civ. P. 4(m) and *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132–33 (11th Cir.2005)). If a plaintiff shows good cause for failure to serve process, then Rule 4(m) requires that a court extend the time for service. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and citation omitted). Even absent good cause, however, a court should still consider whether additional factors, such as the running of a statute of limitations or an evasive defendant, warrants a permissive extension of the time to perfect service. *Id.* at 1282.

In the instant case, I entered two orders requiring Plaintiff to show good cause why his claims against the Defendants should not be dismissed for failing to serve process. Plaintiff responded to the first order to show cause by requesting an extension of time to serve process. Plaintiff was granted more than 30 days additional time to file service—by November 17, 2022—and did not do so. Nor did Plaintiff take any other action of record in this case to show good cause, otherwise explain his delay in serving process or seek a further extension of time to serve process. Furthermore, Plaintiff was cautioned that his failure to serve process or show good cause would result in a recommendation that this action be dismissed.

In sum, Plaintiff has failed to show good cause, and no other circumstances are evident in this case to warrant a further extension of time for Plaintiff to serve process. Accordingly, I respectfully **RECOMMEND** that Plaintiff's Complaint be **DISMISSED without prejudice**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 6th of December, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE